UNITED STATES *v.* SABIN (No. 2452)[1]

1. EVIDENCE—CITATION OF OTHER CASE.

A mere citation, in the Board of General Appraisers' opinion, of a former case and a comment that the facts in the two cases were harmonious, does not amount to an adoption of the record of the former case for deciding the one at bar.

2. "MARKET VALUE"—"FOREIGN VALUE"—"EXPORT VALUE."

"Market value" has been frequently defined by Congress and has come to be recognized as the value of merchandise in the country from which exportation thereof is made. A finding by the board of "market value" is presumed to be a finding of "foreign value," and not "export value."

3. REAPPRAISEMENT—SUFFICIENCY OF FINDING OF FACTS BY BOARD.

A finding by the Board of United States General Appraisers that discounts of 10 and 2 per centum were made on the purchase of the imported merchandise was sufficient to support a decision allowing such discounts in the appraisement. *United States* v. *Sabin*, 12 Ct. Cust. Appls. 520, T. D. 40731.

United States Court of Customs Appeals, June 23, 1925

APPLICATION for rehearing of *United States* v. *Sabin*, 12 Ct. Cust. Appls. 520, T. D. 40731

[Denied.]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

SMITH, Judge, delivered the opinion of the court:

In this case the court affirmed the judgment of the Board of General Appraisers sustaining the reappraisement of the general appraiser

----

[1] T. D. 41023.

who found the net entered and appraised value to be correct. *United States* v. *Sabin*, 12 Ct. Cust. Appls. 520, T. D. 40731. From that appraisement an appeal to reappraisement by a general appraiser was taken by the assistant collector of customs.

On the hearing before the general appraiser the testimony on behalf of the importer was to the effect that quotations for the merchandise under appraisement were always the same and that there was very little difference, if any, in the prices of business houses dealing in such commodities. There was also evidence on behalf of the importer to the effect that importers were allowed a 5 per centum discount from the invoice price, and an additional 3 per centum on payment for the goods within 10 days.

On behalf of the Government one witness testified that a discount of from 10 to 15 per centum was allowed to the agent of a foreign shipper, which discount was not allowed agents on goods sold for home consumption. That discount was made to cover expenses for advertising propaganda and to confine agents of foreign shippers "to the sale of one manufacturer." In support of its case the Government also introduced an unverified report of the special agent and also an uncertified copy of the Cuban sales tax law, which report and tax law were considered by this court as evidence in the case for the purposes of the appeal.

The general appraiser refused to allow a discount of 10 per centum and 2 per centum deducted from the invoice prices and added thereto 1 per centum for a consumption tax. The board found as facts: First, that the discount of 10 and 2 per centum deducted from the invoice prices was allowed to the purchaser at the time of his purchase of the merchandise in Cuba; second, that there was a 1 per centum consumption tax on the merchandise and that there was no evidence which would warrant the board in holding that the general appraiser improperly added the tax to the entered value; third, that the entered value of the merchandise was the "market value" thereof on the date of shipment. The board accordingly held that the merchandise should have been appraised at the entered value, plus 1 per centum home consumption tax, plus packing, and reversed the decision of the general appraiser.

On appeal that decision was affirmed by this court and the Government now asks for a rehearing on the grounds: First, that the Board of General Appraisers in reaching its conclusion considered evidence offered and received in another case, which evidence was not offered or received in the case now under consideration; second, that the evidence established "a home market value" greater than the export value, and that therefore the appraised value should have been sustained by the board; third, that the board did not set forth

in its written decision the facts upon which its finding was based and that the case should be remanded to the board to make the findings of fact upon which it based its decision.

We find nothing in the record which justifies the contention that the board based its findings of fact on a record which was not offered or received in evidence. In its decision the board simply called attention to the fact that in another case the board had reached a similar conclusion and that the opinion of that board was in harmony with the facts in the case at bar.

The price paid by the importer for his goods was some evidence of their "market value" in the country in which they were purchased and as that evidence was not contradicted by the special agent's report or by any other evidence we must hold that the entered value was the "market value" of the importation in Cuba at the time of shipment.

The board having found the "market value" of the merchandise that finding can not be regarded by us as a finding of export value. "Market value" has been frequently defined by Congress and has come to be recognized as the value of merchandise in the country from which exportation thereof is made. The board in our opinion did find the facts upon which its decision was based, and we think that as the finding is sufficient to support the judgment, a remand for further findings should not be made. Although not so specifically stated by the board, we assume in this case that the words "market value" were used as synonymous with "foreign value."

The petition for a rehearing contains the following language, taken from the original opinion of the court:

An unverified report of a special agent transmitting what purported to be a copy of the Cuban sales tax law, which was not certified, and a report, not under oath, of the same special agent covering an investigation of the market value of the merchandise imported, were introduced in evidence by the Government.

The Government contends that by that language the court intimates that reports of special agents should be verified, and that an oath attached to the special agent's report would make it more admissible or render it of greater value or weight as evidence.

The court for the purposes of the case accepted as evidence the reports of the special agent and the copy of the Cuban sales tax law. No decision was made by the court as to whether such reports and the copy of the tax law were or were not competent evidence of the facts therein stated.

The petition for a rehearing is *denied.*